

Tagged Opinion

**ORDERED in the Southern District of Florida on August 08, 2011.**

**Laurel M. Isicoff, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:     Case No. 09-33043-BKC-LMI

FABRIZIO DULCETTI NEVES,     Chapter 7

      Debtor.
_____/

**ORDER DENYING MOTION TO QUASH AND/OR FOR
PROTECTIVE ORDER WITHOUT PREJUDICE (ECF # 398)**

This matter came before the Court on June 6, 2011 on the Motion to Quash and/or for Protective Order (ECF #398) filed by Laura Neves ("Mrs. Neves"). The Court has considered the arguments of counsel as well as the written submissions by the parties[1] and for the reasons stated below, the Motion to Quash is denied without prejudice.

---

[1] Motion to Quash and/or Protective Order filed by Laura Neves (ECF #398); Creditors' Response to Motion to Quash (ECF #410); Memorandum of Law in Support of Motion to Quash (ECF #414); Creditors' Response to Memorandum of Law in Support (ECF #418); and Declaration of Laura Neves in Support of Motion to Quash (ECF #421).

Mrs. Neves argues[2] that the subpoena served on her in the parking lot of the University of Miami to appear at a deposition should be quashed because, pursuant to Federal Rules of Civil Procedure 45(c)(1) and (3) she should not be required to appear for examination in Miami because she lives more than 100 miles from Miami–in Brazil. The subpoenaing parties, creditors Markwood Investments Ltd. and Golden Dawn Corporation (collectively, the "Creditors") argue that Mrs. Neves does reside in Miami, and moreover, that she regularly conducts business in Miami, and that she purposely removed herself from Miami solely for the purpose of avoiding the subpoena.

Rule 45, made applicable to bankruptcy cases pursuant to Bankr. R. Civ. P. 9016, sets forth the procedures by which a person can be subpoenaed for a hearing, trial, deposition or for production or inspection. However, Rule 45 also places requirements and limits on the subpoena. Rule 45(c) outlines the grounds upon which a party may seek protection from a subpoena including limitations on where a non-party may be required to appear for deposition: "On timely motion, the issuing court must quash or modify a subpoena that: . . . (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person - …" Fed. R. Civ. P. 45(c)(3)(A). The burden is on Mrs. Neves to demonstrate that she is entitled to protection from the subpoena. *Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998).

I conducted a non-evidentiary hearing to determine whether there were preliminary matters that might dispose of the motion. I instructed the parties to provide memoranda of law

---

[2] I will not list all the arguments and underlying facts of the parties as these are well known by those to whom this order is addressed.

2

on the issue of whether Mrs. Neves' house in Miami[3] satisfies the "resides" requirements of Rule 45(c)(3)(A), and further noted that I have previously ruled that, for purposes of service of a subpoena on a non-party, the word "resides" (used in the context of the appropriateness of substitute service) did not require service at the non-party's domicile.  Having reviewed the memoranda submitted by both sides, and having conducted additional research on this matter, no case has been cited to me, and I have not found any case, that holds or even suggests that there is an independent federal definition of "resides" for purposes of Rule 45.[4]  Therefore, I hold that it is proper for me to look to Florida law, as I did previously, to determine whether, for purposes of Rule 45(c)(3)(A), Mrs. Neves resides within 100 miles of where the deposition is scheduled. *Accord In re Campbell*, 242 B.R. 740 (Bankr. M.D. Fla. 1999)(The court referred to Florida law in determining a debtor's "residence" for purposes of venue of a Chapter 11 case pursuant to 28 U.S.C. §1408.)

      The Florida Supreme Court, in the case *Minick v. Minick,* 149 So. 483 (Fla. 1933), held substitute service was proper where the party resided, even though the party may not have had her permanent home where served.  In so ruling, the court held that domicile is not the same as residence, and that a residence does not indicate a requirement of permanency –

> While the terms 'domicile' and 'residence' are frequently used synonymously, they are not, when accurately used, convertible terms.  The former is of more extensive signification and includes, beyond mere physical presence at the particular locality, positive or presumptive proof of an intention to constitute it a permanent abiding place.  'Residence' is of a more temporary character than 'domicile.' . . . That there is a difference in meaning between 'residence' and 'domicile,' is shown by the fact that a person may have his residence in one place while his domicile is in another.  It

---

[3] There is no dispute that Mr. and Mrs. Neves lived for several years in a home in Miami owned by one of their companies, which home Mr. and Mrs. Neves still maintain and at which Mrs. Neves was staying at the time she was served with the subpoena.

[4] I agree with the Creditors that the cases cited by Mrs. Neves are not relevant to this ruling.

> has also been said that domicile and residence are not synonymous
> for the reason that a person may have more than one residence at
> the same time, but only one domicile.

*Id.* at 488 (internal citation omitted).

As I noted, there is no dispute that Mrs. Neves continues to maintain a residence in Miami. Therefore, for purposes of Rule 45(c)(3)(A), I find that Mrs. Neves resides in Miami, and therefore, the Motion to Quash and/or for Protective Order is denied.[5] However, this denial is without prejudice to Mrs. Neves raising any other ground upon which she may believe she is entitled to a motion to quash or for other protective order.

\* \* \*

Copies furnished to:

Michael I. Rose, Esq.
Jose A. Casal, Esq.

*Attorney Rose is directed to serve a copy of this Order to all interested parties and to file a certificate of service with the Clerk of the Bankruptcy Court.*

---

[5] Because I find that Mrs. Neves resides within 100 miles of where the deposition is scheduled to occur, I do not need to address the Creditors' assertion that Mrs. Neves regularly conducts business here, the resolution of which argument would have required an evidentiary hearing. Moreover, I reject the Creditors' argument that Mrs. Neves purposefully fled the United States to avoid the subpoena and discovery. It is clear that Mr. Neves did the fleeing, and Mrs. Neves and her children, logically, followed him.

4